**Felipe OCHOA–ORTUNO, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 06–70336.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 27, 2007.

Shan D. Potts, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Michael R. Wilner, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Felipe Ochoa–Ortuno, a native and citizen of Mexico, petitions for review of the

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its order denying his motion to reopen based on ineffective assistance of counsel. To the extent we have jurisdiction, it is governed by 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Ochoa–Ortuno's September 20, 2005 motion to reconsider as untimely. *See* 8 C.F.R. § 1003.2(b)(2) (motions to reconsider must generally be filed within thirty days of the agency decision). Consequently, we do not reach Ochoa–Ortuno's contentions that the motion should have been granted on the merits.

We lack jurisdiction to review the BIA's refusal to invoke its authority to reconsider *sua sponte* under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion.").

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.